OPINION OF THE COURT
Harold Enten, J.
The Special Prosecutor subpoenaed the petitioner, John Doe, Inc., to appear and produce certain books, records and documents before the Bronx County Grand Jury.
Petitioner seeks to quash the subpoena on the basis of, essentially, two theories. Petitioner asserts that: (1) the Special Prosecutor’s object is, purportedly, to utilize the Grand Jury process for the purposes of a civil audit which had been initiated by the Department of Social Services; and (2) in any event, the physician-patient privilege encompasses a pharmacy’s transactions with its customers, insofar as the nature of the relationship is at once personal and medical.
 Hence, petitioner claims that he should not be compelled to produce the requested materials because it is not relevant, under Virag v Hynes (54 NY2d 437), and it is *509 confidential, under CPLR 4504 (subd [a]) and CPL 60.10. Having read all papers submitted, and having considered all points, this court disagrees. Petitioner has misread the relevant statutory authority, case law, and the nature of the Special Prosecutor’s investigation.
It is clear to this court that, in the present situation, the office of the Special Prosecutor is within its rights to subpoena the books, records, and documents requested. As the Court of Appeals noted in Virag v Hynes (supra), a subpoena duces tecum is presumptively valid, and it is incumbent upon the party contesting the subpoena “to demonstrate, by concrete evidence, that the materials sought have no relation to the matter under investigation.” (54 NY2d 437, 444, supra.)
This court finds that the subpoena in question, a Grand Jury subpoena rather than an “office” subpoena, concerns a criminal investigation lawfully initiated and maintained by the office of the Special Prosecutor.
As such, petitioner herein must show that the materials sought have absolutely no relevance to the investigation.
Considering the facts alleged in this case, such a showing by petitioner would be difficult in any event. Petitioner has failed to demonstrate that the requested materials are not relevant to the investigation.
CPLR 4504 circumscribes the ability of a physician, dentist, or nurse to testify as to medical particulars concerning a patient. Such information is privileged and cannot legally be divulged unless the patient, or a very limited class of persons acting on the patient’s behalf, effectively waives the right of confidentiality which attaches to the patient.
A more extensive reading of the relevant case law does not extend the right of confidentiality, so as to attach to a pharmacist, nor does it equate the pharmacist with a physician, dentist, or nurse. Section 6801 of the Education Law, furthermore, defines the pharmacist as a specialized chemist, not as a practicing medical professional. In short, there is no physician-patient privilege which encompasses pharmacists in their trade, and the Legislature has not been disposed to create a new category of confidentiality applicable to pharmacists.
*510 Accordingly, motion is denied in its entirety, without costs.